UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IAN COOKE, : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 3:16-cv-138 (SRU) |
| : | |
| KEITH DESCHAINE, et al., : | |
| Defendants. : | |

**INITIAL REVIEW ORDER**

The plaintiff, Ian Cooke, is currently confined at Garner Correctional Institution. He has filed an Amended Complaint pursuant 42 U.S.C. § 1983 naming as defendants a former commissioner of correction, two directors of the Department of Correction security division, five employees of Cheshire Correctional Institution, legal counsel for the Department of Correction and the current Commissioner of Correction. Cooke has also filed a motion for an initial review order, a motion seeking disclosure of the full names of the defendants, a motion to amend to add the text of several State of Connecticut Administrative Directives as exhibits and a motion for order. For the reasons set forth below, the court will deny the motions and will direct Cooke to file an amended complaint.

**I. Motion for Order [Doc. No. 12]**

Cooke's application to proceed *in forma pauperis* included a section in which Cooke agreed to permit the Department of Correction to deduct money from his inmate account to pay the full filing fee of $350.00. Cooke contends that on one occasion in March 2016, the Department of Correction deducted too much money from his account towards the payment of the filing fee. Cooke does not assert that he made any prior efforts to resolve this issue with

Department of Correction inmate accounts staff prior to filing this motion. He seeks a court order directing the Department of Correction to reimburse his account $58.05.

The Department of Correction has not forwarded any money from Cooke's inmate account to the court towards the payment of the filing fee. It is my understanding that the Department of Correction waits to forward any money to the Clerk until the full amount of the filing fee has been collected from the inmate's account.

Cooke has not alleged that he will suffer imminent harm if the relief requested is not granted. When he commenced this action, he agreed to have money deducted from his inmate account towards payment of the full $350.00 filing fee in this action. If he disagrees with the amount of money deducted by correctional staff working in the office handling inmate accounts, he should contact office staff to attempt to resolve the issue. The motion (doc. # 12) is denied.

## II.     Amended Complaint [Doc. No. 8]

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the

strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

### A.  Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure

The first defect with the Amended Complaint is that it does not comply with Rule 8's pleading requirements. Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise and direct." The purpose of Rule 8 is "to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citation omitted). In addition, "the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citation and quotation omitted). The plaintiff's statement of his claim "should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)).

When a litigant does not comply with Rule 8's requirements, the court may strike any portion of the complaint that is redundant or immaterial pursuant to Rule 12(f). Fed. R. Civ. P. 12(f). Alternatively, it may dismiss the complaint in its entirety in those cases "in which the complaint is so

confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Saluddin*, 861 F.2d at 42.  In *Saluddin* for example, the Second Circuit, found "no doubt" that plaintiff's complaint, which "span[ned] 15 single-spaced pages and contain[ed] explicit descriptions of 20-odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights . . . ," failed to comply with Rule 8's requirement of a "short and plain statement." *Id.* at 43.  Accordingly, the court stated that "the district court was within the bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8." *Id.*

In the instant case, Cooke's Amended Complaint is neither "short and plain" nor "simple." The Amended Complaint consists of forty-two single-spaced, typed pages containing 178 paragraphs and refers to a time period from February 2013 to January 2016.  It includes at least seven different claims that occurred at two different prison facilities.

**1. Cheshire Correctional Institution**

Cooke alleges that, in February 2013, Correctional Officer Deschaine unlawfully searched his cell for three hours and confiscated various pieces of his personal property, including paintings, art materials, art books, magazines, photographs, clothing and music CDs.  Lieutenant Hogan then searched Cooke's property a second time.  Cooke received two disciplinary reports, one for security tampering and one for possessing sexually explicit materials.  Cooke subsequently pleaded guilty to both disciplinary reports and received various sanctions.

Cooke claims that he was unable to facilitate the return of any of the property confiscated from his cell by Officer Deschaine.  Nor was he permitted to send home the paintings and other materials that violated the Department of Correction's ban of sexually explicit materials.  Cooke contends that his paintings met the exception to the sexually-explicit materials ban and that Officer

4

Deschaine and Lieutenant Hogan improperly confiscated those items in violation of his First and Fourteenth Amendment rights. Cooke made Warden Brighthaupt and Deputy Warden Powers aware of the illegal confiscation of his property as well as the retaliation by Officer Deschaine, but they failed to take appropriate action.

Cooke also asserts that during the months of March and April 2013, Officer Deschaine denied him access to the law library on three occasions. Counselor Supervisor Garcia failed to investigate or remedy the conduct of Officer Deschaine. Cooke alleges that Officer Deschaine denied him access to the law library in retaliation for his grievances about the ban on sexually-explicit materials and a lawsuit that he had filed against Department of Correction staff.

In late April 2013, Cooke attended a hearing to determine whether he should be removed from protective custody. Counselor Supervisor Garcia told Cooke that he did not need to be in protective custody because his criminal case was no longer the subject of intense media coverage. Cooke claims that the hearing did not meet the requirements of the Fourteenth Amendment and that the decision to remove him from protective custody was made in retaliation for the grievances and complaints he had made against Officer Deschaine, Deputy Warden Powers, Lieutenant Hogan and Counselor Supervisor Garcia. On May 7, 2013, prison officials reached a decision to remove Cooke from protective custody.

### 2. Garner Correctional Institution

Later in May 2013, prison officials at Cheshire transferred Cooke to Garner Correctional Institution. Upon his arrival at Garner, officials confiscated Cooke's art supplies. Cooke wrote to the former warden of Garner, Scott Semple, but Semple did not respond.

5

In June 2013, Cooke filed a grievance regarding media review procedures. Commissioner Semple replied that the ban on sexually explicit materials applied to all inmates.

In August 2013, Cooke's family sent him photographs of his artwork that had appeared in a prison art show. Some of the artwork depicted nudity. The mail reviewer at Garner rejected the photos. Cooke appealed the rejection, but prison staff allegedly destroyed the photos before the appeal was heard. Prison staff ultimately denied Cooke's appeal of the rejection of the photos.

Between May 2013 and January 2016, Cooke filed appeals of decisions to deny books, magazines and photographs that had been sent to him at Garner. The denials were based on the sexually explicit nature of the books, magazines and photographs.

In various grievances, Cooke challenged the inconsistency in the application of the media review guidelines, the failure of staff to apply the artistic exception to the ban on sexually explicit materials and the creation of the revised ban on sexually explicit materials. He claims that at some point prior to June 2012, former Commissioner Arnone organized a review panel to determine whether the prior ban on sexually explicit materials should be revised. Attorney Kase-O'Braskey was a member of the review panel. The panel determined that all nudity should be restricted from materials sent to or possessed by inmates. On June 19, 2012, State of Connecticut Department of Correction Directive 10.7 was revised accordingly.

### B. Failure to Comply with Joinder Rule

Cooke's multiple allegations involve claims of denial of access to courts, confiscation of his personal property, an unlawful cell search, interference with freedom of expression and speech, violations of procedural due process in connection with his removal from protective custody, violations of the Eighth Amendment, denial of the equal protection of the laws and retaliatory

6

conduct.  Cooke contends that the defendants have violated the First, Fourth, Fifth, Eighth and Fourteenth Amendments.  In addition to claims under 42 U.S.C. § 1983, Cooke asserts various state law claims.  The multiple claims included in the Amended Complaint are not all related to each other and involve different defendants.

Thus, the Amended Complaint also fails to comply with the requirements of Rule 20 of the Federal Rules of Civil Procedure, which governs party joinder.  Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and (b) "any questions of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis."  *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted).  As the Second Circuit has observed in the Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claims depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

Cooke's various free speech and expression claims, procedural due process claims, access to courts claims, retaliation claims and property claims occurred at two different facilities over a three-year period.  These different claims, however, do not all "aris[e] out of the same transaction,

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims."  *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted); *see also* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1653 (3d ed.).

occurrence or series of transactions and occurrences. Fed. R. Civ. P. 20(1)(2). Thus, the Amended Complaint also fails to comply with Rule 20.[2]

The Second Circuit has expressed a preference for adjudicating cases on their merits. Thus, it will generally find failure to grant leave to amend an abuse of discretion where the sole ground for dismissal is that the complaint does not constitute a short and concise statement or comply with the rules governing joinder. *See, e.g.*, *Saluhuddin*, 861 F.2d at 42.

### III.     Conclusion

Accordingly, Cooke is hereby directed to file a second amended complaint that complies with Rules 8 and 20 of the Federal Rules of Civil Procedure. **The Clerk shall send Cooke an amended complaint form and a copy of the Amended Complaint [Doc. No. 8] with this order.**

**Cooke's second amended complaint should raise only claims arising out of ONE factual incident and shall be filed on the amended complaint form.** Cooke may pursue other claims arising out of other incidents in separate actions.

Cooke shall clearly and concisely state his claims and explain how each defendant is involved in the claims. If the second amended complaint fails to comply with the instructions in this order or the amended complaint form or the requirements of Rules 8 and 20 of the Federal Rules of Civil Procedure, the action will be subject to dismissal. **The second amended complaint will be due thirty days from the date of this order.**

---

[2] In addition to the fact that the claims in the Complaint do not all arise out of the same transaction or occurrence and do not all involve common questions of law and fact, each claim will require different witnesses and documentary proof and a jury might be confused and the defendants would be prejudiced by the inclusion of these disparate claims in a single action. *See Morris v. Northrup Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999); *German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995).

In view of this order, the Motion for Initial Review Order [**Doc. No. 9**], Motion for Preliminary Disclosure [**Doc. No. 14**] of the full names of defendants and the Motion to Amend/Correct Amended Complaint [**Doc. No. 17**] to add the text of Administrative Directives as exhibits are **DENIED** as moot.  Cooke may attach exhibits to his amended complaint to the extent that he thinks the exhibits are necessary to support his claims.  The Motion for Order [**Doc. No. 12**] relating to the deduction of money from his inmate account is **DENIED**.

SO ORDERED at Bridgeport, Connecticut this 28th day of June 2016.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge