UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IAN COOKE,            : | |
|     Plaintiff,       : | |
|                                : | |
|      v.       : | Case No. 3:16-cv-138 (SRU) |
|                                : | |
| KEITH DESCHAINE, et al.,     : | |
|     Defendants.       : | |

## RULING AND ORDER

The plaintiff, Ian Cooke, is currently confined at Garner Correctional Institution. He has filed a civil rights complaint challenging, *inter alia*, the State of Connecticut Department of Correction's administrative directives that ban an inmate's receipt of publications and other materials that contain depictions or photographs of sexually explicit acts or nudity. I address the allegations in the complaint in a separate ruling.

Pending before me is Cooke's motion for injunctive relief. For the reasons set forth below, the motion is denied.

Cooke petitions the court to order the Department of Correction to temporarily assign a third party to review any decisions to deny or reject materials that might be mailed to him in the future. He claims that there may a conflict of interest if defendant Christine Whidden, Director of Security, reviews any appeal that he might file pertaining to a decision by prison staff to reject future correspondence/publications or other materials that may be mailed to him. Cooke suggests that it might be advisable for Defendant Whidden to recuse herself from any review of materials mailed to him while this case is being litigated.

Preliminary injunctive relief "is an 'extraordinary and drastic remedy . . . that

should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party must demonstrate (a) that he or she will suffer "irreparable harm" in the absence of an injunction, and (b) either (1) a "likelihood of success on the merits or (2) sufficiently serious questions going to the merits [of the case] to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary injunctive relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (internal quotation marks omitted).

The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits. *See id.* A higher standard must be met when a litigant seeks a mandatory injunction that would alter rather than preserve the status quo by commanding some positive act. *See Phillip v. Fairfield Univ.*, 118 F.3d 131, 133 (2d Cir. 1997) (citation omitted). Thus, a party moving for a mandatory injunction, "in addition to demonstrating irreparable harm . . . 'must make a clear or substantial showing of a likelihood of success' on the merits, . . . a standard especially appropriate when a preliminary injunction is sought against government." *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (citations omitted), *as amended by*, 480 F.3d 138 (2d Cir. 2007). Here, Cooke seeks to change the status quo by removing a correctional employee from her role as a reviewer of incoming inmate mail. Thus, he must meet that higher standard.

The United States Supreme Court has held that "[t]he loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*,

2

427 U.S. 347, 373-74 (1976) (citing *New York Times Co. v. United States*, 403 U.S. 713 (1971)). The Second Circuit, however, has "not consistently presumed irreparable harm in cases involving allegations of the abridgement of First Amendment rights." *Bronx Household of Faith v. Bd. of Educ. of City of New York*, 331 F.3d 342, 349 (2d Cir. 2003). Irreparable harm may be presumed only when "a plaintiff alleges injury from a rule or regulation that *directly* limits speech." *Id.* (emphasis added). On the other hand, if the application of the rule or regulation "may only potentially affect [a First Amendment right], the plaintiff must establish a causal link between the injunction sought and the alleged injury, that is, Cooke must demonstrate that the injunction will prevent the feared deprivation of [First Amendment] rights." *Id.* at 350. In either situation, the irreparable harm must be "neither remote nor speculative, but actual and imminent." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted).

   Cooke generally alleges that it is possible that publications or other materials will be mailed to him in the future that might be rejected by mailroom staff for some reason and that Christine Whidden will be obligated to review his appeal of the rejection of the materials or publications. He contends that there is a potential conflict of interest if Christine Whidden is required to review mail that has been rejected by prison staff. Thus, Cooke does not challenge the review process itself, but rather the involvement of Christine Whidden in the review of any appeal of the rejection of mail addressed to him. Cooke has alleged no facts in his motion to suggest that Christine Whidden, solely because she is a defendant in this action, will be biased in reviewing any mail addressed to him that may need to be reviewed by her in the future. Thus, Cooke has not alleged that the removal of Christine Whidden as a reviewer of incoming mail that

3

has been rejected by the prison staff is necessary to forestall the imminent loss of his First Amendment rights. *See Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) ("a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits . . . [a]nd, irreparable harm must be shown to be actual and imminent") (internal quotation marks and citations omitted); *Martin v. Town of Berlin*, 1997 WL 380421, at *3 (D. Conn. July 7, 1997) (denying motion for preliminary injunction as premature because "defendants' alleged interference with his constitutional rights has not yet occurred and is clearly speculative") (citation and internal quotation marks omitted). Because Cooke does not assert any facts to suggest that he will be imminently harmed if the court does not grant him the relief requested, there is no basis to grant the motion.

Even if I were to conclude that Cooke had met the imminent harm requirement for issuance of a mandatory preliminary injunction, he has not demonstrated that there is a clear likelihood that he would prevail on the merits of his First Amendment claim. Although inmates do not forfeit all the protections afforded by the Constitution when they enter a correctional facility, the nature of confinement "and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment . . . ." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977). Thus, Cooke retains only "those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Turner v. Safley*, 482 U.S. 78, 95 (1987) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).

Circuit and district courts that have addressed similar bans on sexually explicit materials and publications have upheld those bans as reasonably related to legitimate penological interests.

*See Gray v. Cannon*, 974 F. Supp. 2d 1150, 1156-57 (N.D. Ill. 2013) (noting that the Ninth, Tenth, Eleventh, and D.C. Circuits had upheld prison bans on the receipt of publications and photographs containing nudity or sexually explicit photographs); *Josselyn v. Dennehy*, 333 F. App'x 581, 584-87 (1st Cir. 2009) (prison regulation banning possession of sexually explicit materials did not violate prisoners' First Amendment rights); *Hayes v. Phillips*, 2014 WL 7149725, at *6 (W.D.N.C. Dec. 15, 2014) (granting summary judgment for defendant prison staff on ground publications policy was reasonably related to legitimate penological interest); *Ortiz v. Arnone*, 2012 WL 3985173, at *4 (D. Conn. Sept. 11, 2012) (denying motion for mandatory preliminary injunction seeking to prevent implementation of Connecticut Department of Correction's June 2012 ban on inmates' receipt of nude photographs and magazine containing sexually explicit images because plaintiff had not shown likely success on the merits); *Ramirez v. Pugh*, 486 F. Supp. 2d 421, 427-36 (M.D. Pa. 2007) (Ensign Amendment and Bureau of Prison regulations prohibiting federal inmates from receiving publications that contain depictions of sexually explicit acts and nudity were reasonably related to legitimate penological interests), *appeal dismissed*, 273 F. App'x 159 (3d Cir. 2008); *Boyd v. Stalder*, 2006 WL 3813711, at *5 (W.D. La. Dec. 27, 2006) (upholding prison regulation prohibiting receipt of materials that are sexually explicit or feature nudity).  The Second Circuit, however, has not ruled on the State of Connecticut's ban on the receipt of sexually explicit materials and publications by inmates.

In view of the case law in other circuits and in this district upholding similar bans on the receipt by inmates of publications containing depictions of sexually explicit conduct or nudity and in the absence of controlling authority within the Second Circuit addressing the

constitutionality of such a ban, I cannot conclude that Cooke is substantially likely to succeed on the merits of his claim.  The motion for preliminary injunction is denied without prejudice.

## Conclusion

The Motion for Preliminary Injunction [**Doc. No. 15**] is **DENIED** without prejudice.

SO ORDERED at Bridgeport, Connecticut this 28th day of June 2016.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge