UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IAN COOKE,                              :
    Plaintiff,                        :
                                        :
v.                                      :      Case No. 3:16-cv-138 (SRU)
                                        :
KEITH DESCHAINE, et al.,                :
    Defendants.                      :

## RULING AND ORDER

The plaintiff, Ian Cooke, is currently confined at Garner Correctional Institution. He has filed a civil rights complaint challenging, *inter alia*, the State of Connecticut Department of Correction's administrative directives that ban an inmate's receipt of publications and other materials that contain depictions or photographs of sexually explicit acts or nudity.

On June 28, 2016, I entered an Initial Review Order (doc. # 18) directing Cooke to file a second amended complaint that complies with Rules 8 and 20 of the Federal Rules of Civil Procedure. On July 7, 2016, Cooke filed a motion for reconsideration of my Order (doc. # 21). In that motion Cooke requests that I reconsider my ruling that Cooke's amended complaint failed to comply with Rule 20. In his motion, Cooke informs me that he has abandoned some of his claims and wishes to "bifurcate" his complaint and "transfer" some of the claims to state court. He also states that his remaining federal claims all relate to an incident that occurred on February 3, 2013. Because his claims against the defendants all relate to the incident that occurred on February 3, 2013, he argues that he should be permitted to amend his complaint to include claims against all defendants whose conduct is tied to that incident.

There is no need to reconsider my prior ruling in order for Cooke to obtain the relief that he requests. Cooke may assert claims against any defendant so long as Cooke's claims "aris[e]

out of the same transaction, occurrence, or series of transactions and occurrences," and "any questions of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Accordingly, I deny that portion of Cooke's motion for reconsideration as moot.

Cooke also requests, in his motion for reconsideration, that I "bifurcate" and "transfer" his purported state law claims. As an initial matter, I did not rule on Cooke's request for bifurcation and transfer in the Initial Review Order, so it is improper to raise such a request in a motion for reconsideration. Second, I have no authority to bifurcate a portion of a plaintiff's complaint and transfer it to state court. Though a district court has jurisdiction to remand a state law cause of action originally brought in state court, there is no procedural vehicle to send state law claims to state court in the first instance. *See* 28 U.S.C. § 1447. Accordingly, Cooke's motion to bifurcate and transfer is denied. Cooke may, of course, file a separate action in state court that asserts the state law claims.

In addition to his motion for reconsideration, Cooke filed a motion for writ of habeas corpus, seeking permission to attend an oral argument on his motion. That motion (doc. # 22) is also denied as moot because the underlying motion for reconsideration is moot.

Finally, Cooke seeks an extension of time to file his amended complaint thirty days from the date of my ruling on the motion for reconsideration. That motion (doc. # 23) is granted. Accordingly, Cooke has thirty days from the date of this order to file his second amended complaint.

**Conclusion**

For the foregoing reasons, the motion for reconsideration (doc. # 21) and motion for writ of habeas corpus (doc. # 22) are both denied, and the motion for extension of time to file a second amended complaint (doc. # 23) is granted.

SO ORDERED at Bridgeport, Connecticut this 14th day of July 2016.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge