UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IAN COOKE, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:16-cv-138 (SRU) |
| : | |
| KEITH DESCHAINE, et al., : | |
|     Defendants. : | |

## INITIAL REVIEW ORDER

Ian Cooke, currently confined at Garner Correctional Institution, has filed a second amended complaint pursuant 42 U.S.C. § 1983. Cooke's amended complaint names a former commissioner of correction, two directors of the Department of Correction security division, five employees of Cheshire Correctional Institution, legal counsel for the Department of Correction and the current Commissioner of Correction. For the reasons set forth below, the second amended complaint is dismissed in part.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of

action," or "naked assertion[s] devoid of further factual enhancement," does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)) (internal quotation marks omitted).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

On June 28, 2016, I reviewed Cooke's first amended complaint and determined that it contained multiple claims regarding incidents that had occurred at two different facilities and involved different defendants.  I concluded that the first amended complaint did not comply with Rules 8 and 20 of the Federal Rules of Civil Procedure**.**  I directed Cooke to file a second amended complaint that included only one claim.  I warned Cooke that if the amended complaint failed to comply with the instructions in this order or the amended complaint form or the requirements of Rules 8 and 20 of the Federal Rules of Civil Procedure, the action would be subject to dismissal with prejudice.

The second amended complaint includes the following allegations:  Prior to September 2010, former Commissioner Arnone began to investigate the implementation of a new policy encompassing further restrictions on inmates' possession of materials depicting nudity.  Former Commissioner Arnone organized a review panel to determine whether the prior ban on sexually explicit materials should be revised.  Attorney Kase-O'Braskey and Director of Security Weir were members of the review panel.  The panel determined that all nudity should be restricted from materials sent to or possessed by inmates.  On June 19, 2012, former Commissioner of Correction Arnone revised State of Connecticut Department of Correction Directive 10.7 in accordance with the panel's conclusions.  The new policy banned written and pictorial depictions of sexual activity or nudity.  *See*

2

Administrative Directive 10.7 (3)(L) & (4)(N).  Cooke challenges the directive both facially and as it was applied to him during an incident that occurred in February 2013 as violative of his First Amendment rights.

In February 2013, Correctional Officer Deschaine unlawfully searched Cooke's cell for three hours and confiscated various pieces of his personal property, including paintings, art materials, art books, magazines, photographs, clothing and music CDs.  Lieutenant Hogan and Correctional Officer Deschaine searched Cooke's property a second time.  Cooke received two disciplinary reports, one for security tampering and one for possessing sexually explicit materials.  Cooke subsequently pleaded guilty to both disciplinary reports and received various sanctions.

Cooke claims that after completing his time in segregation, he retrieved his personal property from storage and discovered that several completed paintings, several partially completed paintings/drawings and numerous art reference books had been confiscated from him.   He was unable to secure the return of any of the property confiscated from his cell by Officer Deschaine and Lieutenant Hogan.  Nor was he permitted to send home the paintings and other materials that violated the Department of Correction's ban of sexually explicit materials.

Cooke contends that his paintings met the art exception to the sexually-explicit materials ban and that Officer Deschaine and Lieutenant Hogan improperly confiscated those items in violation of his First and Fourteenth Amendment rights.  Cooke appealed the confiscation of his artwork to Warden Brighthaupt, Deputy Warden Powers and Counselor Supervisor Garcia, but they either ignored the alleged improper confiscation of Cooke's personal property or approved the actions of Officer Deschaine and Lieutenant Hogan.

Cooke sent requests to Commissioner Arnone regarding the ambiguous and vague language contained in the sexually-explicit materials ban. He sought clarification of the art exception to the ban. He did not receive a response from Commissioner Arnone. Cooke also filed grievances challenging the ban. In response, Commissioner Arnone and Security Director Weir reiterated the language of directive without providing any clarification of the language. Cooke subsequently asked Security Director Whidden to clarify the art exception to the directive. She responded that the depiction constituted art only if a lay person could learn something from viewing it.

Cooke sues defendants Deschaine, Hogan, Garcia, Powers and Brighthaupt in their individual and official capacities and defendants Commissioner Arnone, Semple, Weir, Whidden and Kase-O'Braskey in their official capacities. Cooke seeks monetary damages and declaratory and injunctive relief.

**I.       Section 1983 Claims**

Cooke alleges that the defendants violated his rights to freedom of expression, speech and redress grievances under the First Amendment and his right to due process under the Fourteenth Amendment. I address each claim separately.

     **A.       Fourteenth Amendment Property Claim**

Cooke claims that Officer Deschaine and Lieutenant Hogan did not complete an inventory of the items that had been confiscated from his cell. In addition, the disciplinary report for contraband did not include an itemized inventory of what Officer Deschaine and Lieutenant Hogan had seized from Cooke's cell. Cooke attempted to have his artwork and reference books sent home, but was unsuccessful. Cooke claims that Warden Brighthaupt and Commissioner Semple were responsible for the policy that allowed correctional officials to destroy his confiscated property. Cooke attempted

4

to resolve the issue of the improper confiscation and destruction of his property with Counselor Garcia, but she failed to take any action to remedy the wrongful conduct. Cooke claims that the seizure of his property violated his Fourteenth Amendment Due Process rights.

Cooke alleges that he filed a lost property claim with regard to his missing artwork and books. The board indicated that his claims could not be investigated because there was no paperwork indicating that the items had been seized. Cooke claims that his artwork is irreplaceable and there is no post-deprivation remedy available to him.

The Supreme Court has found that the Due Process Clause of the Fourteenth Amendment is not violated when a prison inmate loses personal belongings due to the negligent or intentional actions of correctional officers if the state provides an adequate post-deprivation compensatory remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981). The State of Connecticut provides an adequate remedy for the kind of deprivation the plaintiff alleges. *See* State of Connecticut Department of Correction Administrative Directive 9.6(16) (Aug. 15, 2013) (providing Department of Correction's "Lost Property Board shall hear and determine any claim by an inmate in a correctional facility who seeks compensation not to exceed . . . ($3,500.00) for lost or damaged personal property" and that inmate may pursue his property claim with the Connecticut Claims Commissioner if the Board denies the claim completely or in part); (Conn. Gen. Stat. § 4-141 *et seq*. (providing that claims for payment or refund of money by the state may be presented to the Connecticut Claims Commission); *see also, e.g.*, *S. v. Webb*, 602 F. Supp. 2d 374, 386 (D. Conn. 2009) (finding Connecticut has sufficient post-deprivation remedies for seizures of property by state officials). This state remedy is not rendered inadequate simply because plaintiff

5

anticipates a more favorable remedy under the federal system or it may take a longer time under the state system before his case is resolved. *See Hudson*, 468 U.S. at 535.

Cooke states that he made attempts to submit lost property forms to the Lost Property Board pursuant to State of Connecticut Department of Correction Administrative Directive 9.6(16)(B), but was told his claim could not be investigated because there was no inventory indicating that his property had been confiscated. Cooke claims that his artwork is irreplaceable and its value cannot be determined. In the complaint filed in this action, Cooke set forth the monetary values of the items confiscated from him in February 2013. *See* Compl., ECF No. 1 at 7. He listed the total value of the confiscated artwork as $1,130.00. *See id.* Although Cooke may have been unsuccessful in obtaining monetary reimbursement for his artwork through the Lost Property Board, he does not indicate that he pursued his remedy through the Office of the Claims Commissioner.

Thus, Cooke has not alleged that the Department of Correction's procedures for processing property claims are inadequate. *See Edwards v. Erfe*, 588 F. App'x 79, 80-81 (2d Cir. 2015) (affirming dismissal of inmate's deprivation of property claim on the ground that the inmate had not alleged that process provided by the State of Connecticut, including the opportunity to seek relief through the Office of the Claims Commissioner, was inadequate). The property claims are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

### B.     First Amendment Retaliation Claim

For the first time, Cooke claims that Deputy Warden Powers and Counselor Supervisor Garcia transferred him to Garner Correctional Institution in retaliation for his complaints about violations regarding his property issues. This claim is conclusory and was not included in the complaint or first amended complaint.

6

The Second Circuit has held the general personal injury statute of limitations set forth in Connecticut General Statutes § 52-577 should be applied to the filing of section 1983 claims arising in Connecticut.  *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994).  Section 52-577 sets a three-year limitations period running from "the date of the act or omission complained of."  Conn. Gen. Stat. § 52-577.  Although the federal court looks to state law to determine the applicable statute of limitations for claims arising under section 1983, the court looks to federal law to determine when a federal claim accrues.  *See Wallace v. Kato*, 549 U.S. 384, 388 (2007).  A federal cause of action accrues "when the plaintiff knows or has a reason to know of the harm or injury that is the basis of the action."  *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003) (internal quotation marks and citation omitted).  Although the statute of limitations is ordinarily is an affirmative defense, a district court may "dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitation defense are set forth in the papers plaintiff himself submitted.'"  *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 600 n.11 (2d Cir. 1980)).

Prison officials transferred Cooke to Garner in May 2013.  *See* First Am. Compl., ECF No. 8 at 18.  There are no facts to suggest that Cooke was unaware of his claim that the transfer was ordered in retaliation for his complaints and grievances regarding property confiscation.  The second amended complaint was filed on July 21, 2016.  Thus, the retaliation claim is barred by the statute of limitations and is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

**C.     First Amendment Claims against Arnone and Kase-O'Brasky**

Cooke sues defendants Arnone and Kase-O'Brasky in their official capacities only. Defendant Arnone is no longer the Commissioner of the Department of Correction.  The current

7

Commissioner is Scott Semple.  *See* http://www.ct.gov/doc/cwp/view.asp?q=265584.  When a party sued in his official capacity "dies, resigns, or otherwise ceases to hold office while the action is pending . . . [t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).  Accordingly, Semple is substituted for Arnone and Arnone is no longer a party to this case.

Cooke claims that Kase-O'Brasky was involved in researching the change to the sexually explicit materials policy and possibly drafting the language to be used in the policy.  Former Commissioner Arnone enacted the new policy in June 2012.  Cooke has asserted no allegations with regard to Attorney O'Brasky's involvement in the enforcement of the policy in general or specifically with regard to his artwork.  *See Ex Parte Young*, 209 U.S. 123, 157 (1908) ("In making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act . . . ."); *Sabin v. Nelson*, 2014 WL 2945770, at *3 (N.D.N.Y. June 30, 2014) (dismissing claims against Governor Cuomo because plaintiff "failed to make any allegations whatsoever with respect to the Governor's role in enforcement of any of the statutes at issue, or with any acts taken pursuant thereto") (citation omitted).   Accordingly, the claims for injunctive and declaratory relief against defendant Kase-O'Brasky are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

D.  **Remaining First Amendment Claims**

After reviewing the remaining allegations in the second amended complaint, I conclude that Cooke has stated claims of violations of his First Amendment rights to freedom of speech and expression.  Those claims will proceed against defendants Deschaine, Hogan, Garcia, Powers and Brighthaupt in their individual capacities and against defendants Weir, Whidden and Semple in their official capacities.

II.     **Sections 1985 and 1986**

Although Cooke includes 42 U.S.C. § 1985 and 42 U.S.C. § 1986 in one of the jurisdictional paragraphs of the second amended complaint, he does not otherwise mention these statutes in the body of the amended complaint.  The first two subsections of 42 U.S.C. § 1985 clearly are not relevant to this action.  Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings.  Cooke is not a federal official and his claims are not related to participation of witnesses in judicial proceedings.

In order to state a claim under section 1985(3), Cooke must allege: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to himself or his property or a deprivation of a right or privilege.  *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (citation omitted).  Importantly, Cooke must show that the conspiracy was motivated by a "racial or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* at 1088 (internal quotation marks and citation omitted).  Section 1985(3) may not be construed as a "general federal tort law" and does not provide a cause of action based on the denial of due process or other constitutional rights.  *See Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

Cook claims that the defendants "conspire[ed] to obstruct due process and indifference." Second Am. Compl. at ¶ 2 (doc. # 25).  There are no facts in the second amended complaint to support a claim of conspiracy on the part of the defendants to deny him due process.  Nor are there facts to suggest that the decisions to confiscate Cooke's artwork and other property were made

9

because of Cooke's race or for some other discriminatory purpose. Cooke's conclusory and unsupported allegation of conspiracy by the defendants to violate his constitutional rights does not state a plausible claim under section 1985(3). *See Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (vague reference to conspiracy and "tenuous link" between this 'conspiracy'" and plaintiff's race constituted conclusory allegations that failed to state claim under section 1985(3)). The claims asserted pursuant to 42 U.S.C. § 1985 are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

Section 1986 provides no substantive rights. "A valid § 1986 claim must be predicated upon a valid § 1985 claim." *Mian*, 7 F.3d at 1088 (citation omitted). Because Mr. Cookse has not stated a section 1985 claim, his section 1986 claim is not actionable. *See* 28 U.S.C. § 1915A(b)(1). The claim asserted pursuant to 42 U.S.C. § 1986 is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

I.   **Conclusion**

It is hereby ordered that:

(1)   The section 1985, the section 1986, and the section 1983 Fourteenth Amendment due process claims against Deschaine, Hogan, Garcia, Powers, Brighthaupt and Semple, the section 1983 First Amendment retaliation claim against defendants Powers and Garcia, and all section 1983 claims against Kase-O'Brasky are **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1). The section 1983 claims against Arnone in remain in the case, but Semple is substituted for Arnone because he is the current Commissioner. The First Amendment free speech claims asserted pursuant to 42 U.S.C. § 1983 will proceed against defendants Deschaine, Hogan, Garcia, Powers and Brighthaupt in their individual capacities and against defendants Weir, Whidden and Semple in their official capacities and the state law negligence claim will proceed against defendants Deschaine and Hogan in their individual capacities.

(2) Within twenty-one (21) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on defendants Weir, Whidden and Semple in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Warden Jon Brighthaupt, Deputy Warden Lauren Powers, Lieutenant Hogan, Correctional Officer Keith Deschaine and Counselor Supervisor Garcia and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and each defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within seven months (210 days)

from the date of this order.

      SO ORDERED at Bridgeport, Connecticut this 15th day of December 2016.

                                        <u>/s/STEFAN R. UNDERHILL</u>
                                        Stefan R. Underhill
                                        United States District Judge