UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IAN COOKE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     No. 3:16-cv-138 (SRU) |
| KEITH DESCHAINE, et al.,<br>    Defendants. | :<br>:<br>: |

## **RULING ON PENDING MOTIONS**

Ian Cooke, currently confined at Garner Correctional Institution, proceeds *pro se* in this civil rights action. On December 15, 2016, I dismissed in part the claims in the second amended complaint filed against a former Commissioner of Correction, the current Commissioner of Correction, two directors of the Department of Correction security division, five employees of Cheshire Correctional Institution and legal counsel for the Department of Correction. Pending before me is Cooke's motion for reconsideration of my ruling addressing the claims in the second amended complaint, a motion for leave to file a third amended complaint, a motion for clarification, a motion for sanctions and two motions for default judgment. For the reasons set forth below, the motion for reconsideration is granted, but the relief requested is denied; the motion for clarification is granted; and the motions for sanctions, to amend, and for default judgment are denied.

**I.     Motion for Clarification [ECF No. 29]**

Cooke states that he received notification from the court that a waiver of service of summons had been sent to an individual named Jarvis Street. He seeks clarification whether Jarvis Street has been added or substituted as a defendant. The motion for clarification is granted. Jarvis Street is not a defendant named in the second amended complaint. Thus, it is

evident that the Clerk inadvertently sent a waiver of service of summons to Jarvis Street. Jarvis Street is not a defendant in this action and he has not returned a waiver of service of summons or appeared.

## II. Motion for Reconsideration [ECF No. 28]

On July 21, 2016, Cooke filed a second amended complaint pursuant 42 U.S.C. §§ 1983, 1985, and 1986, naming former Commissioner of Correction Leo C. Arnone, Commissioner Scott Semple, former Director of Security Kim Weir, Director of Security Christine Whidden, Warden Jon Brighthaupt, Deputy Warden Lauren Powers, Counselor Supervisor Garcia, Lieutenant Hogan, Correctional Officer Keith Deschaine and Attorney Nancy Kase-O'Brasky as defendants. *See* Second Am. Compl., ECF No. 25. On December 15, 2016, I dismissed the section 1985 claims, the section 1986 claims, the section 1983 Fourteenth Amendment due process claims against defendants Deschaine, Hogan, Garcia, Powers, Brighthaupt and Semple, the section 1983 First Amendment retaliation claim against defendants Powers and Garcia, and all section 1983 claims against defendant and Kase-O'Brasky pursuant to 28 U.S.C. § 1915A(b)(1). *See* Initial Review Order, ECF No. 26. I concluded (1) that the section 1983 claims against Arnone remained in the case, but Commissioner Semple would be substituted for Arnone because he is the current Commissioner; (2) that the First Amendment free speech claims asserted pursuant to 42 U.S.C. § 1983 would proceed against defendants Deschaine, Hogan, Garcia, Powers and Brighthaupt in their individual capacities and against defendants Weir, Whidden, and Semple in their official capacities; and (3) that the state law negligence claim would proceed against defendants Deschaine and Hogan in their individual capacities. Cooke seeks reconsideration of all dismissed claims.

Pursuant to Rule 7(c) of the Local Civil Rules of the United States District Court for the District of Connecticut, "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." Generally, reconsideration will be granted only if the moving party can identify "controlling decisions or data that the court overlooked" and that would reasonably be expected to alter the court's decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A party's identification of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" may also constitute sufficient reasons to grant a motion for reconsideration. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). A party may not, however, use a motion for reconsideration to re-argue prior issues that have already been decided, present "new theories" or arguments that could have been raised earlier, seek a new hearing on the merits, or otherwise take "a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

Cooke first contends that I improperly dismissed his Fourteenth Amendment claim for deprivation of property without due process. In a later section of the motion for reconsideration, Cooke suggests that I did not address his procedural due process claim as it relates to the defendants' confiscation of his personal property items and their alleged failure to return the items to him or permit him to send the items home.

I considered Cooke's allegations regarding the confiscation of his personal property items and the defendants' refusal to return the items as a claim that the defendants had deprived him of his property without providing him with procedural due process. Pursuant to the Supreme

3

Court's holding in *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), an inmate's procedural due process rights are not violated when the inmate loses his or her personal belongings due to the negligent or intentional actions of correctional officers if the state provides an adequate post-deprivation compensatory remedy. In reviewing Cooke's allegations, I noted that, although he had filed a claim with the Department of Correction's Lost Property Board, he had not alleged that he had pursued his deprivation or confiscation of property claim through the Office of the Claims Commissioner. *See* Initial Review Order at 6, ECF No. 26. I dismissed the claim because Cooke had not alleged that the Department of Correction's procedures for processing property claims were inadequate. *See id.* (citing *Edwards v. Erfe*, 588 F. App'x 79, 80–81 (2d Cir. 2015) (affirming dismissal of inmate's deprivation of property claim on the ground that the inmate had not alleged that process provided by the State of Connecticut, including the opportunity to seek relief through the Office of the Claims Commissioner, was inadequate)).

Cooke questions whether the state law remedy provided by the Claims Commissioner is really adequate. Cooke suggests the remedy is inadequate because it does not provide for declaratory or injunctive relief. Cooke, however, does not seek injunctive or declaratory relief with regard to the confiscation/deprivation of his property.

Cooke has not alleged that he has attempted to file or utilize the procedure available to file a claim under Conn. Gen. Stat. § 4-141 *et seq*. Thus, I conclude that Cooke has not pointed to any facts or decisions that I overlooked in reaching its conclusion that the state law remedy was adequate because he still has an avenue for relief through the Office of the Claims Commissioner. Rather, Cooke simply disagrees with my ruling. The motion for reconsideration

is granted with regard to the Fourteenth Amendment due process claim, but the relief requested is denied.

Cooke next argues that I erred in dismissing as time-barred the retaliation claim against Deputy Warden Powers and Counselor Supervisor Garcia. He contends that I should not have dismissed the retaliation claim because Cooke included a general retaliation claim in the first amended complaint. After reviewing the allegations in the first amended complaint, I concluded that it violated the Federal Rules of Civil Procedure 8 and 20, governing pleading and joinder, because it included claims regarding multiple, different incidents that had occurred at two different facilities over a three-year period. I directed Cooke to file a second amended complaint that raised only claims arising out of one factual incident at one facility. Cooke's retaliation claim in the second amended complaint is not the same as the retaliation claim he raised in his first amended complaint. In the first amended complaint, he included a retaliation claim related to his removal from protective custody by defendants Powers and Garcia in early May 2013. In the second amended complaint, he alleged a claim of retaliation regarding his transfer to another prison facility in late May 2013. This retaliatory transfer claim against defendants Powers and Garcia was a new claim that was not included in the first amended complaint.

Because the transfer occurred in May 2013, and the second amended complaint was filed in July 2016, the claim was barred by the three-year statute of limitations. *See* Initial Review Order at 7, ECF No. 26. Cooke has pointed to no facts that I overlooked in dismissing the retaliation claim against defendants Powers and Garcia for failure to file within the applicable statute of limitations. The motion for reconsideration is granted with regard to the dismissal of the retaliatory transfer claim, but the relief requested is denied.

Cooke also contends that I erred in dismissing the claims against Attorney Kase-O'Brasky. He suggests that the allegations in the second amended complaint should be construed as a claim that Attorney Kase-O'Brasky has been involved in or has ratified the ongoing application of Administrative Directive 10.7 by Department of Correction officials. Cooke specifically asserted claims against Attorney Kase-O-Brasky in her official capacity. He alleged that she assisted former Commissioner Arnone in researching and drafting the revisions to Administrative Directive 10.7 in June 2012. Because there were no facts in the second amended complaint from which it could be inferred that Attorney Kase-O'Brasky was involved in the implementation or enforcement of the revised Administrative Directive, I dismissed the claims for declaratory and injunctive relief against her. *See id.* at 8 (citing *Ex Parte Young*, 209 U.S. 123, 157 (1908) ("In making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act . . . ."); *Sabin v. Nelson*, 2014 WL 2945770, at *3 (N.D.N.Y. June 30, 2014) (dismissing claims against Governor Cuomo because plaintiff "failed to make any allegations whatsoever with respect to the Governor's role in enforcement of any of the statutes at issue, or with any acts taken pursuant thereto") (citation omitted)).

Cooke has not identified any facts that I overlooked and instead asserts a new basis upon which to impose liability against Attorney Kase-O'Brasky that was not included in the second amended complaint. A motion for reconsideration is not to be used to assert new claims for relief or new arguments that could have been asserted previously. *See Analytical Surveys*, 684 F.3d at 52. Accordingly, the motion for reconsideration is granted, but after careful review, the request to reinstate of Attorney Kase-O'Brasky as a defendant is denied.

6

As his final argument, Cooke contends that I should reinstate the official capacity claims against Deschaine, Garcia, Powers and Brighthaupt. Although Cooke asserted claims against defendants Deschaine, Garcia, Powers and Brighthaupt in their individual and official capacities, the type of injunctive and declaratory relief[1] sought by Cooke can only be provided by the supervisory officials who were named as defendants, Commissioner Semple and Security Directors Whidden and Weir. Thus, I concluded that only the claims for money damages would proceed against defendants Deschaine, Garcia, Powers and Brighthaupt and that the claims for official-capacity relief, both declaratory and injunctive, would only proceed against defendants Weir, Whidden and Semple, who were sued in their official capacities only. Because defendants Deschaine, Garcia, Powers and Brighthaupt cannot provide Cooke the type of injunctive and declaratory relief that he seeks in the second amended complaint, I do not re-instate those claims for relief against them. Accordingly, the motion for reconsideration is granted with regard to the

---

[1] Cooke seeks a declaration that defendants Deschaine, Hogan, Garcia, Powers and Brighthaupt violated his constitutional rights and a declaration that the review guidelines for sexually-oriented media as set forth in Administrative Directive 10.7 are unconstitutional as applied and as written. The purpose of the Declaratory Judgment Act is to allow parties to resolve claims before either side suffers great harm. *See In re Combustion Equip. Assoc.*, 838 F.2d 35, 37 (2d Cir. 1988). In *Ex Parte Young*, 209 U.S. at 155-56, the Supreme Court held that an exception to the Eleventh Amendment's grant of sovereign immunity from suit existed to permit a plaintiff to sue a state official acting in his or her official capacity for prospective injunctive relief for continuing violations of federal law. *Id.* The exception to Eleventh Amendment immunity, however, does not apply to claims against state officials seeking declaratory or injunctive relief for prior violations of federal law. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) (the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* . . . to claims for retrospective relief." (citations omitted)); *Ward v. Thomas,* 207 F.3d 114, 119–20 (2d Cir. 2000) (Eleventh Amendment bars retrospective relief in form of declaration that State of Connecticut violated federal law in the past). Thus, Cooke's request for a declaration that defendants Deschaine, Hogan, Garcia, Powers and Brighthaupt violated his federal constitutional rights in 2013 cannot be properly characterized as "prospective" because Cooke does not allege how such relief would remedy a future constitutional violation by the defendants. Thus, Cooke's request for declaratory relief against defendants Deschaine, Hogan, Garcia, Powers and Brighthaupt does not meet the exception to the Eleventh Amendment immunity set forth in *Ex Parte Young*.

official capacity claims for relief against defendants Deschaine, Garcia, Powers and Brighthaupt, but after careful reconsideration the relief requested is denied.

### III. Motion for Leave to Amend [ECF No. 34]

Cooke seeks to add a state law claim against Commissioner Semple and Attorney Nancy Kase-O'Brasky, who has been dismissed from the case. Cooke asserts that those individuals revised State of Connecticut Administrative Directive 10.7 in violation of the Uniform Administrative Procedures Act, Connecticut General Statutes § 4-166 *et. seq.* He contends that Administrative Directive 10.7 does not mirror, word-for-word, Connecticut Regulations § 18-81-28. He concludes, therefore, that the Department of Correction circumvented state regulations in enacting the revisions to Administrative Directive 10.7 regarding sexually explicit materials.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time to amend as of right has passed, "[t]he court should freely" grant leave to amend "when justice so requires." In considering whether to grant a litigant leave to amend under Rule 15(a), the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

State courts are "the ultimate expositors of state law." *Mullany v. Wilbur*, 421 U.S. 684, 691 (1975). If the state's highest court has not addressed the issue, the federal court is bound by the decision of the state intermediate court. *See Ponnapula v. Spitzer*, 297 F.3d 172, 183 (2d Cir. 2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 66, 67–68 (1976)). The Connecticut Appellate Court has held that the Department of Correction Administrative Directives interpret and apply properly promulgated regulations. The directives "are created for the internal management of the correctional institutions and are not regulations that are subject to the [Uniform Administrative

Procedure Act ("UAPA")] requirements. 4-166(13)(A)." *Pierce v. Lantz*, 113 Conn. App. 98, 104–05, *cert. denied*, 293 Conn. 915 (2009). Because the state court has concluded that the administrative directives are not regulations, they are not subject to the UAPA. I am bound by that determination. Thus, Cooke's claim regarding a violation of the UAPA lacks an arguable legal basis.

Ultimately, I decline to allow Cooke to add this state law claim because I conclude that it would be futile to do so. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (although "leave to amend should be granted when justice so requires," circumstances involving "futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party" require denial of a motion for leave to amend) (internal quotation marks and citations omitted); *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (a proposal to amend a complaint is futile if the proposed amendment would fail to state a claim upon which relief could be granted). Accordingly, the motion for leave to amend is denied.

**IV.**     **Motion for Sanctions and for Default Judgment [ECF Nos. 37, 38, 39]**

Cooke seeks a default judgment against the defendants for failure to plead. Cooke also seeks sanctions including an order holding the defendants' in contempt and the imposition of penalties. I have not yet entered an order defaulting the defendants for failure to plead. Thus, the motions seeking a default judgment are premature and are denied. Similarly, the motion for sanctions is denied without prejudice.

**V.**      **Conclusion**

The Motion for Clarification [**ECF No. 29**] is **GRANTED**. Jarvis Street is not a

9

defendant in this action and he has not returned a waiver of service of summons or appeared.

The Motion for Reconsideration [**ECF No. 28**] of the court's Initial Review Order, [**ECF No. 26**] dismissing in part the claims in the second amended complaint is **GRANTED**. After careful review, the relief requested is **DENIED** and the Initial Review Order, [**ECF No. 26**], is **AFFIRMED** in all respects. The Motion for Leave to Amend/Correct [**ECF No. 34**] is **DENIED**. The Motions for Default Judgment [**ECF Nos. 38, 39**] are **DENIED** as premature. The Motion for Sanctions [**ECF No. 37**] is **DENIED** without prejudice.

SO ORDERED at Bridgeport, Connecticut this 28th day of April 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge