UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IAN COOKE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     Case No. 3:16-cv-138 (SRU) |
| | : |
| KEITH DESCHAINE, et al.,<br>    Defendants. | :<br>: |

## RULING ON MOTION TO RECONSIDER

On January 29, 2016, Ian Cooke, a prisoner currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brought a civil rights complaint *pro se* under 42 U.S.C. § 1983 against several Department of Correction ("DOC") officials for violating his constitutional rights. Compl., Doc. No. 1. On July 31, 2017, the parties filed a stipulation of dismissal of the action with prejudice. Stip. of Dism., Doc. No. 57. According to Cooke, the stipulation was entered after he agreed to withdraw his cases against DOC officials in exchange for a facility transfer. Mem. of Law in Supp. of Mot. for Relief from J. ("Cooke's Mem."), Doc. No. 59-1, at 4. The case was then dismissed.

On July 18, 2018, Cooke filed a motion for relief from the judgment of dismissal, Doc. No. 59, under Federal Rule of Civil Procedure 60(b). He argued that the defendants induced him to enter the stipulation by fraud and that they breached their settlement agreement by retaliating against him. Cooke's Mem. at 8. I denied his motion pursuant to *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), because the stipulated dismissal order did not retain the district court's jurisdiction to entertain contractual disputes regarding the settlement agreement, nor did it incorporate the terms of the agreement. Ruling on Pending Mots., Doc. No. 64, at 3.

On June 5, 2019, Cooke filed the instant motion for reconsideration of my ruling denying his first motion for relief from the judgment of dismissal. Mot. for Recons., Doc. No. 68. He now contends that I have continuing jurisdiction to hear his arguments in support of opening the stipulated judgment under Federal Rule of Civil Procedure 69 and *Williams v. Murphy*, 2018 WL 2016850 (D. Conn. Mar. 29, 2018). Cooke is incorrect.

As stated in my previous ruling, a suit involving compliance with a previously entered settlement agreement essentially constitutes a breach of contract action, and enforcement of the agreement is generally a matter for the state courts, unless there is some independent basis for federal jurisdiction. *See Kokkonen*, 511 U.S. at 381-82; *see also Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (motion to enforce settlement agreement constitutes claim for breach of contract). A federal court retains jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement. *See Kokkonen*, 511 U.S. at 380-81.

Cooke's reliance on Rule 69 and *Williams* is misplaced. Rule 69 governs execution of monetary judgments. The district court in *Williams* was deciding a plaintiff's motion for aid in executing the monetary judgment that was entered following a federal jury trial. Neither Rule 69 nor the decision in *Williams* apply to the instant case, which involved a dismissal pursuant to a stipulated judgment. *See Madigan v. Bronstein*, 2018 WL 1768283, at *3 (S.D.N.Y. Apr. 12, 2018) (Rule 69 only applies to money judgments); *HBE Leasing Corp. v. Frank*, 882 F. Supp. 60, 62 (S.D.N.Y. 1995) (Rule 69 does not create jurisdiction over settlement agreement). Because the stipulated judgment

did not incorporate the terms of the agreement between the parties, I cannot entertain disputes between the parties regarding its terms or whether one party has breached its contractual obligations.

**ORDER**

Based on the foregoing, the motion for reconsideration, Doc. No. 68, is DENIED. As stated in my previous ruling, to the extent Cooke believes that the defendants breached their obligations under the settlement agreement or retaliated against him after the agreement was entered, he may pursue a breach of contract claim in state court, or alternatively, file a new action in this court for retaliation and request that the court exercise supplemental jurisdiction over the settlement agreement dispute.

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of July 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge